LOKEN, Circuit Judge,
concurring.
I join the opinion of the court. I write separately to address an additional issue.
In arguing that Rhodes’s conviction be affirmed, the government urged us to review the sufficiency of the evidence under a “significant purpose” standard allegedly articulated in United States v. Payton, 636 F.3d 1027, 1043 (8th Cir.), cert. denied — U.S. -, 132 S.Ct. 349, 181 L.Ed.2d 220 (2011). In my view, the court properly declines this misguided invitation. In Payton, we held that the district court did not err in declining to give a requested instruction defining the statutory “purpose” element of the offense, explaining that the meaning of that term “lies within the common understanding of jurors and needs no further elaboration.” Id. at 1042. In discussing the issue, we observed that § 856(a)(1) “does not require that drug distribution be the primary purpose, but only a significant purpose” (emphasis in original). Here, the district court did not instruct that drug distribution must be “the primary purpose,” merely “one of the primary or principal uses.” Looking at the question from a juror’s perspective, I discern no meaningful difference between “a significant purpose” and “one of the primary or principal uses.” Thus, there was no abuse of the district court’s substantial discretion in formulating jury instructions.
In Payton and in Rhodes, two district courts took different approaches to this instruction issue after two different trials. One concluded the “purpose” element needed no special definition; the other thought the Model Instruction would be helpful to the jury. It does not confuse or corrupt this element of the statutory offense if we conclude that neither approach abused the district court’s discretion to decide how to better assist the jury in a particular case. Rather, the government’s *732 argument reflects a failure to comprehend our abuse-of-discretion standard of review.